LAMONT STALLINGS,

        Petitioner,

v.                                          Case No. 24-cv-396-pp

UNITED STATES OF AMERICA,

        Respondent.

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1) AND DISMISSING CASE

On March 20, 2024, the court held an evidentiary hearing on the probation office's request that the court consider whether to revoke the petitioner's supervised release; at the conclusion of the hearing, the court revoked the petitioner's supervised release and imposed a sentence of twelve months and one day. United State v. Stallings, Case No. 15-cr-103 (E.D. Wis.), Dkt. Nos. 86, 88. Before the revocation hearing, the petitioner had filed a motion to terminate counsel and had asked to represent himself; the court granted that motion. Id. at Dkt. Nos. 75, 76, 80. At the March 20, 2024 revocation hearing, the petitioner did not contest four of the six alleged violations (which are recounted at id., Dkt. No. 67 at 23). Id. at Dkt. No. 86. The uncontested violations included bringing marijuana into a United States courthouse (violation number 2), testing positive for controlled substances more than three times within the first seven months of release (violation

1

number 3), leaving the Eastern District of Wisconsin without prior permission (violation 4) and failing to report to his probation officer within seventy-two hours contacts with law enforcement that had occurred on December 10 and 11, 2023 (violation number 5). Id., Dkt. No. 86 at 2. The highest grade of the uncontested violations was Grade B, for violation number 2—bringing marijuana into a United States courthouse on October 5, 2023. Id. Because the petitioner had a criminal history category of IV, his advisory guideline range was twelve to eighteen months. Id. The court imposed a sentence of twelve months and one day—one day above the bottom of that range. Id. at Dkt. No. 88.

The petitioner immediately filed a notice of appeal. Id. at Dkt. No. 90. On April 1, 2024, the court received a letter from the petitioner, identifying five issues that he felt warranted an appeal. Id. at Dkt. No. 96. That same day, the court received from the petitioner a motion to vacate the sentence the court had imposed in the revocation hearing; the petitioner was not represented by counsel when he filed this motion. The clerk's office docketed the motion and opened this case under 28 U.S.C. §2255. Case No. 24-cv-396, Dkt. No. 1. The petitioner argues in the motion that the court committed plain error and that he was denied his Fifth Amendment right to confront an adverse witness. Id. at 1. He argues that the government admitted "unverifiable evidence," violated his right to confrontation, introduced a report from a Canadian border patrol officer without a sworn affidavit and produced a revocation hearing report within ten minutes of the scheduled hearing. Id. at 2.

2

The court will deny the motion to vacate under 28 U.S.C. §2255 as premature, without addressing the merits of the petitioner's claims. As this court explained in Page v. United States, Case No. 22-cv-1263, 2022 WL 16531056, *1 (E.D. Wis. Oct. 28, 2022):

> "The well-established rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending." United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1992) (collecting cases). "The rationale for the rule is a sound one: 'the disposition of the appeal may render the [§ 2255] motion moot.'" Id. (quoting Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968)). Although there is "no bar to raising a Section 2255 motion while the appeal is pending," DeRango v. United States, 864 F.2d 520, 522 (7th Cir. 1988) (citing United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979)), the Seventh Circuit has "held on more than one occasion that a district court should not consider a § 2255 motion while a direct appeal is pending, absent extraordinary circumstances," United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999) (citing Robinson).

The petitioner has not identified extraordinary circumstances that would justify the court ruling on his motion to vacate, set aside or correct his sentence before the Seventh Circuit has the opportunity to decide his direct appeal. There is no reason for the petitioner to worry about the one-year limitation period for filing a §2255 motion because that one-year period starts when a person's conviction becomes final; the petitioner's revocation sentence has not become final within the meaning of 28 U.S.C. §2255(f) because his appeal is pending. A federal defendant's judgment of conviction becomes "final" either when the United States Supreme Court affirms it on the merits or declines to review it or, if the defendant does not seek Supreme Court review, when the deadline for filing a petition for certiorari expires. Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (citing Clay v. United States, 537 U.S. 22, 27 (2003)).

3

If the Seventh Circuit reverses this court's revocation of the petitioner's supervised release and the sentence the court imposed, the petitioner's motion to vacate will be moot. If the Seventh Circuit affirms this court's decision to revoke and sentence the petitioner, the petitioner will have ninety days to file a petition for a writ of *certiorari* with the United States Supreme Court. He would then have one year from the date the Supreme Court either refuses to grant *certiorari* or decides his case to file his §2255 motion. If the petitioner does not seek review with the Supreme Court, he will have a year from the date the ninety-day *certiorari* period expires to file his §2255 petition. Either way, he will have time to file his motion (assuming he has reasons for bringing claims that were not raised on direct appeal). The petitioner should be aware that this court cannot reverse a decision made by the Seventh Circuit Court of Appeals.

The court **DENIES** as premature the petitioner's motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody. Dkt. No. 1.

The court **ORDERS** this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly. See United States v. Barger, 178 F. 3d 844, 845 (7th Cir. 1999) (when granting the right to file a direct appeal, the district court should dismiss the claims without prejudice).

Dated in Milwaukee, Wisconsin this 17th day of April, 2024.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**

4

Case 2:24-cv-00396-PP   Filed 04/17/24   Page 4 of 4   Document 2